**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jed Hamilton,<br><br>Plaintiff,<br>-v-<br><br>1254 S LLC, and<br>Chestnut Holdings of New York, Inc.,<br><br>Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Jed Hamilton ("Plaintiff," or "Hamilton"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants 1254 S LLC and Chestnut Holdings of New York, Inc. (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages, overtime wages, non-overtime wages, wage deductions due under law, contract/agreement, under Article 6 of the New York Labor Law including Section 191, 193, 198, and compensation for not receiving notices and

statements required by NYLL 195, and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

**THE PARTIES**

7. Plaintiff Jed Hamilton ("Plaintiff" or "Hamilton") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief, and at all times relevant herein, Defendant 1254 S LLC ("2825 GC") was a New York limited liability company and owned/managed the building in which Plaintiff worked and that Plaintiff maintained.

9. At all times relevant herein, Defendant Chestnut Holdings of New York, Inc. ("Chestnut Holdings") was a New York corporation that managed the buildings in which Plaintiff worked and that Plaintiff maintained as well as Plaintiff's employment herein.

10. At all times relevant herein, Defendants owned the buildings in which Plaintiff worked and that Plaintiff maintained in Bronx County, New York including the building located at 1254 Sherman Ave, Bronx, NY 10456.

11. At all times relevant herein, Defendants, individually and jointly, controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions and performed such employment functions as to Plaintiff.

12. At all times relevant herein, Plaintiff was employed individually and jointly, by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership within New York State.

14. Upon information and belief and at all times relevant herein, Defendants individually and jointly, employed about 50 or more employees within New York State.

15. At all times relevant herein, Defendants, individually, and jointly, employed Plaintiff as a handyman and Plaintiff performed manual work including maintenance and repairs in Defendants' building.

16. At all times relevant herein, Plaintiff was, individually and jointly, employed by Defendants from on or about November 12, 2012 to on or about September 9, 2026.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last effective hourly rate of pay was about $26.15[1] an hour.

18. At all times relevant herein, Plaintiff worked approximately 65 to 70 or more hours each week and likely more, 7 days a week and Plaintiff was not paid any wages for about 25 to 30 overtime hours (weekly hours over 40) worked each week during his employment with Defendants – with the exception of about 2-3 weeks each year.

19. At all times relevant herein, in addition to the hours claims in paragraph 18 above, Plaintiff

[1] Plaintiff was paid $17.50 an hour for 40 hours by check and he was also provided an apartment valued at $1,500 a month as part of his compensation – resulting in an effective hourly rate of about $26.15/hr.

worked on-call for an additional 20 to 25 overtime hours each week for which he was not paid any wages in violation of the FLSA and NYLL. See i.e. 29 CFR § 785.17; 29 CFR § 785.16(a), etc. – with the exception of about 2-3 weeks each year.

20. At all times relevant herein, in addition, Plaintiff was required to incur expenses in the performance of his work for Defendants during the period of his employment such as for use of his cellphone, internet, etc. However, Defendants failed to reimburse Plaintiff for these costs and expenses - Defendants failed to reimburse Plaintiff for about $15 to $20 or more each week, which constitutes an unlawful wage deduction under the FLSA and NYLL, including NYLL § 193. These unlawful deductions and failure to reimburse also constitute an under payment of wages and overtime wages under the FLSA and NYLL.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff’s wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 141, 142, are incorporated herein by reference.

22. At all times relevant herein, Defendants failed to provide Plaintiff with the required notice at the time of his hiring and subsequent changes in pay rates, etc., pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendants and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

23. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented him from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier . See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

24. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

25. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notices and wage statements, Defendants forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendants carried out their legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

26. At all times relevant herein, Defendants, individually, and/or jointly, had annual revenues and/or expenditures in excess of $500,000.

27. At all times applicable herein, Defendants conducted business with vendors/entities/persons within and outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems. As required by Defendant, Plaintiff utilized cell phone and electronic messaging as an integral part of his job to communicate with Defendant and tenants throughout his workday.

29. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

30. Defendants as a regular part of their business, make payment of taxes and other monies to

agencies and entities outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants and the tenants in their buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

32. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

34. At all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

35. At all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

36. “Plaintiff” as used in this complaint refers to the named Plaintiff.

37. The “present” or the “present time” as used in this complaint refers to the date this complaint was signed.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**

**<u>FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.</u>**

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206 and/or 207.

41. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

43. Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. and 12 NYCRR 142, 141 etc. (Unpaid Overtime)**

44. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142, 141.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations

thereunder.

47. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders including N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

**Relief Demanded**

48. Plaintiff is entitled to recover from Defendants, individually and jointly, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**(NYLL § 190, 191, 193, 195 and 198)**

49. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. At all relevant times herein, Defendants, individually and jointly, violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, and wage deductions due under law, contract/agreement, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an

injunction directing Defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

54. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and jointly, his entire unpaid wages, including his unpaid overtime wages, wage deductions due under law, contract/agreement, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and/or jointly, to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, 141 and Article 6 of the NYLL – NYLL § 190 et Seq.

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

57. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages, wage deductions due under law, contract/agreement, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**October 31, 2026**

Respectfully submitted,

Abdul Hassan Law Group, PLLC
/s/ Abdul Hassan ___________________
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*